*Slidell* for the plaintiff, *McCaleb* for the defendants.

## BOURG *vs.* BRINGIER.

APPEAL from the court of probate of the parish of St. James.

PORTER J. delivered the opinion of the court. The petitioner claims from the defendant, administrator of the succession of A. D. Tureau, late parish judge of the parish of St. James, certain notes of one Valery Trudeau, which were deposited in the hands of the intestate during his life time.

The defendant acknowledged the possession of the notes, but averred that they were claimed by the heir of the maker, on an allegation that payment had been made to Tureau, in whose hands they were deposited. The answer concludes with a prayer that the heirs of Tureau might be cited to contest her right with the plaintiff.

She appeared, and in her petition, averred the fact of payment having been made to Tureau, and prayed that the note might be delivered up to her. The court below after

The endorser, who has not been duly notified of protest, is a competent witness on the part of the maker, to prove payment.

A note, endorsed in blank, authorizes payment to the holder.

bearing testimony decided in her favor, and the plaintiff appealed.

There is a bill of exceptions to the introduction of the evidence of the note to prove payment. It is stated in several elementary works, that in an action against the maker of a note, the indorser is a competent witness to prove it has been paid. The rule seems to rest entirely on the authority of one of the English judges sitting at *nisi prius*. Without questioning its correctness, this case we think can be decided on principles, in relation to which, there can be no doubt. The notes in the present instance were not protested, nor notice given to the indorser of the failure by the maker to discharge them at maturity. The witness therefore had no interest in the question, or the cause, and was competent to testify to a subsequent payment of the obligations on which his name appeared, *Chitty on bills*, ed. 1821, 532. *Starkie on evidence*, p. 4, 301.

The facts of the case are these. The plaintiff, as representative of an estate in the parish of St. James, had a sale made of the property belonging to it by the judge of probates. The conditions of the sale were, that

the purchasers should give their note with an indorser.   The notes when, taken were left in the hands of the judge.   That gentleman appears to have made a practice of keeping notes made at probate sales in his possession, collecting the money when due, and on some pretence or other, retaining the notes after payment was made.   In this case when the obligations were paid, he said he could not lay his hands on them at the moment, but that he would find them at some other time and deliver them up.

We think the judge of probates did not err in deciding this case against the plaintiff. The payment was legally made to the possessor of the notes.  The party indebted should not suffer by the negligence or misplaced confidence of the owner placing them in the hands of an unworthy or faithless agent. The general rule is, that the production of a bill or note indorsed in blank, is sufficient to warrant payment to the person who produces it. There was nothing in the circumstances of this case to excite suspicion that the judge was not authorized to receive payment.  On the contrary the note was payable at his domicil, and it is proved that he was in the

Eastern District.
*January*, 1830.

BOURG
*vs.*
BRINGIER.

habit of settling successions generally in the parish. As the note was indorsed as surety, and the payee had in fact no interest in it, a question might perhaps be raised, whether it fell within the rule applicable to notes indorsed in blank. But it is unnecessary to examine whether any distinction exists between the cases, for it is proved that the plaintiff declared that the parish judge was intrusted with the settlement of the estate, and that she sanctioned the collection by him, in receiving part interest for the monies he had collected.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs.